UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY COPLIN, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-1674 (RBK) |
| | : | |
| v. | : | |
| | : | |
| DONNA ZICKEFOOSE, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed.

## II.   BACKGROUND

Petitioner filed his original habeas petition in March, 2015 in this action. However, this matter was administratively terminated as petitioner had failed to pay the filing fee or submit a complete application to proceed *in forma pauperis*. Subsequently, petitioner paid the filing fee and this matter was reopened.

Petitioner raises several issues in his habeas petition. First, he asserts that he has been improperly denied a transfer to a "camp" facility and challenges the circumstances that led the Federal Bureau of Prisons ("BOP") denial of his transfer request. This includes allegations that his due process rights and First Amendment rights were violated during the course the denial. Furthermore, he complains about his management variable as determined by the BOP.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV.   DISCUSSION

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted). The United States Court of Appeals for the Third Circuit has noted that "the precise meaning of 'execution of the sentence' is hazy." *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012) (quotations and citations omitted). In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)), the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal

regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.

*Woodall*, 432 F.3d at 243.

Unlike the petitioner in *Woodall*, petitioner in this case challenges the application of his management variable and, as a corollary, the denial of his transfer to a prison camp facility as opposed to a CCC. Therefore, his claim is a challenge to the condition of his confinement rather than to the fact or duration of his confinement. Accordingly, this Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the BOP's management variable. *See Briley v. Attorney General United States*, 632 F. App'x 84, 84 (3d Cir. 2016) (affirming district court's dismissal because petitioner's challenge to a Greater Security Management Variable was not cognizable in federal habeas review); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) ("Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] ... In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding."); *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at

the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition. None of his claims challenge the fact or length of his sentence or confinement." (internal citations omitted));

With respect to petitioner's habeas claim regarding the failure of the BOP to transfer him to a prison camp facility, it is worth noting that a panel of the Third Circuit has stated that "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . a quantum change in the level of custody." *Ganim v. Federal Bureau of Prisons*, 235 F. App'x 882, 884 (3d Cir. 2007) (internal quotation marks and citation omitted). In *Ganim*, the Third Circuit panel held that Ganim's challenge to the BOP's failure to transfer him from F.C.I. Fort Dix to the Federal Correctional Camp in Otisville, New York was not cognizable under § 2241. *See id.* Similarly, in this case, petitioner's challenge to the BOP's failure to transfer him to a prison camp from F.C.I. Fort Dix is not cognizable under § 2241. *See Burns v. Zickefoose*, No. 12-4581, 2012 WL 3076083, at *4 (D.N.J. July 30, 2012) (petitioner's challenge to failure to transfer him to minimum security facility is not cognizable under § 2241); *Faruq v. Zickefoose*, No. 10-6768, 2011 WL 4625358, at *4 (D.N.J. Oct. 3, 2011) (finding habeas relief unavailable to petitioner who requested transfer to a minimum security facility because it does not affect the fact or length of his confinement). These types of claims may be raised by petitioner in an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, this Court expresses no opinion on the merits of these claims under *Bivens* should petitioner elect to pursue that route.

Finally, petitioner argues that his First Amendment and Equal Protection rights have been violated. More specifically, he appears to argue that his request for transfer was denied because

he has asserted his First Amendment rights by filing grievances against prison staff. He further alludes to the fact that the denial of his transfer requests was based on racial discrimination. However, these claims should be raised in a civil rights action under *Bivens* as opposed to this habeas proceeding. *See, e.g.*, *Roudabush v. Warden Fort Dix FCI*, Nos. 15-3113, 15-3114, 2016 WL 684015, at *1 (3d Cir. Feb. 19, 2016) (explaining that District Court properly determined that petitioner could not proceed with retaliation and denial of medical care claims on account of his age and sexual orientation in habeas action and must seek relief under *Bivens* instead); *Navarro v. Shartle*, No. 13-7613, 2014 WL 3339545, at *3 n.4 (D.N.J. July 8, 2014) (collecting cases that retaliation claim should be brought in a civil rights claim under *Bivens* not a § 2241 habeas action). As with petitioner's denial of transfer/management variable claim, this Court expresses no opinion on the potential merits of these claims under *Bivens* should petitioner elect to pursue that route on his retaliation and racial discrimination claims.

## V.      CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  May  6, 2016                                s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge